IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CONWAY, # N83890,<br><br>    Plaintiff,<br><br>vs.<br><br>DON WAGNOR, JOHN BALDWIN, KELVIN KINK, and KIMBERLY ULRICH,<br><br>    Defendants. | Case No. 19−cv−036−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Gregory Conway, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that, because of unsanitary conditions at Lawrence, he developed Helicobacter Pylori (a bacterial infection). Along with the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, request a court order directing officials to transfer him to another facility and to refer him to a specialist for treatment. (Doc. 2). For the reasons set forth herein, the Motion is **DENIED IN PART AND DEFERRED IN PART**:

A temporary restraining order ("TRO") is an injunctive order issued without notice to the party to be enjoined; it may not remain in effect longer than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). Without expressing any opinion on the merits of Plaintiff's other claims, the Court concludes that a TRO should not issue in this case. Plaintiff's pleadings and exhibits do not demonstrate that he is likely to succeed on the merits, and, as is discussed more fully below, he has failed to provide any reason why a TRO should issue before Defendants can be heard.

First, while Plaintiff seeks treatment with a specialist, he does not allege that he is not currently receiving treatment at Lawrence. Nor does he explain why immediate treatment with a specialist is warranted.[1] Plaintiff also seeks transfer to another facility, claiming that unsanitary water conditions at Lawrence have exacerbated his condition and/or cause him to constantly worry that his condition will worsen. *Id.* Although the Court sympathizes with Plaintiff's concerns, there is no showing that allegations fail to clearly show that Plaintiff faces a substantial risk of serious injury or actual harm *before* Defendants can be heard.

Additionally, transferring Plaintiff to another facility would significantly interfere with prison administration. Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief").

In the instant case, Plaintiff has not submitted facts tending to show that such a drastic step

---

[1] According to Plaintiff, after receiving his diagnosis, a nurse practitioner informed him that he would need to take medication for the rest of his life. (Doc. 2, pp. 1-2). Plaintiff does not allege, however, that he is not receiving that medication or that he is otherwise not receiving treatment.

is necessary before giving notice to the Defendants. Thus, the extraordinary step of issuing a TRO is not warranted at this time. Plaintiff's request for a preliminary injunction will remain pending and will be addressed after the Section 1915A preliminary review of the Complaint is completed.[2]

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2) is **DENIED IN PART AND DEFERRED IN PART**: The request for a temporary restraining order is **DENIED**; ruling on the request for preliminary injunction is **DEFERRED** until the preliminary review of the complaint pursuant to 28 U.S.C. § 1915A is completed.

**IT IS SO ORDERED.**

DATED: 1/14/19

s/ STACI M. YANDLE
**United States District Judge**

---

[2] The Court will ensure that the preliminary injunction is promptly addressed. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).