IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY CONWAY, )
# N83890, )
      Plaintiff, )
)
vs. ) Case No. 19−CV–036−SMY
)
DON WAGNOR, )
JOHN BALDWIN, )
KELVIN KINK, and )
KIMBERLY ULRICH, )
)
      Defendants. )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

    Plaintiff Gregory Conway, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his health and safety and the conditions of confinement at Lawrence. He asserts claims under the Eighth and First Amendments and seeks injunctive relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

During screening, the Court will also consider whether any claims in the Complaint are improperly joined in this action and are therefore subject to severance. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**The Complaint**

Plaintiff makes the following allegations in his Complaint: Defendants Baldwin, Kink, and Ulrich failed to follow their own policies regarding insect and rodent infestations, which caused an infestation in Lawrence Correctional Center 7 house, C Wing, Upper 3. (Doc. 1, p. 6). As a result of the infestation, a mouse bit Plaintiff. *Id*. The insect and rodent infestation also reached the inmate dietary center, which caused Plaintiff to eat contaminated food, aggravating his Heliobacteria Pylori infection. *Id*. There are also birds nesting in the ventilation system, which has exposed Plaintiff to life-threatening disease. *Id*. The drinking water at Lawrence Correctional Center is contaminated and Plaintiff experiences severe stomach pain every time he drinks it due to his Heliobacteria Pylori infection. *Id*.

2

There is also black mold in the showers in Center 7 house, C wing, which Plaintiff is exposed to every day. (Doc. 1, p. 7). Lawrence Correctional Center is structurally unsound and is sinking into the ground, exposing Plaintiff to a risk of harm from failing ceiling pieces and sink holes. *Id*. Defendants Baldwin and Kink knew about excessive risks to Plaintiff's health and safety but disregarded Plaintiff's grievances. (Doc. 1, pp. 6-8).

Mayor Don Wagnor[1] of Lawrenceville, Illinois, along with Defendants Baldwin and Kink violated Plaintiff's Eighth Amendment rights by recklessly disregarding the Environmental Protection Agency noncompliance advisory notices sent to the Mayor and the City Council of Lawrenceville, Illinois. (Doc. 1, p. 8). Defendants Baldwin, Kink, and Mayor Wagnor disregarded corrective action notices sent by the Environmental Protection Agency in 2013 and 2015 to save money, and as a result, Plaintiff has endured pain and suffering. *Id*.

Plaintiff's counselor, Defendant Ulrich, retaliated against him. *Id*. Plaintiff sent her a letter on May 15, 2018 explaining his concerns with the conditions at Lawrence. *Id*. When Defendant Ulrich did not respond, Plaintiff submitted a grievance to her. *Id*. A few days later, Plaintiff stopped by her office and asked about the grievance. *Id*. In response, Defendant Ulrich embarked on a racist and profane tirade against Plaintiff. (Doc. 1, pp. 8-9).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Defendants Baldwin, Kink, and Ulrich were deliberately indifferent either personally and/or through their policies to a rodent and insect infestation in violation of the Eighth Amendment, which caused Plaintiff to be bitten and his food contaminated;

---

[1] Plaintiff refers to the Mayor of Lawrenceville as "John Doe" in the body of the Complaint. The Court presumes that Plaintiff learned the identity of the Mayor of Lawrenceville after drafting his statement of claim, as both "Don Wagnor" and "John Doe" are described as the Mayor of Lawrenceville. The Court will therefore presume that all references to the Mayor refer to Don Wagnor. If Plaintiff intended to bring claims against an unknown Mayor of Lawrenceville, he should file an amended complaint on that point.

**Count 2:** Defendants Wagnor, Baldwin, Kink, and Ulrich were deliberately indifferent either personally and/or through their policies to the contaminated water in Lawrenceville, Illinois and at Lawrence Correctional Center, which exacerbates Plaintiff's Heliobacteria Pylori infection in violation of the Eighth Amendment;

**Count 3:** Defendants Baldwin, Kink, and Ulrich were deliberately indifferent either personally and/or through their policies to the conditions of confinement at Lawrence Correctional Center, including birds in the ventilation system, black mold, and general structural unsoundness, in violation of the Eighth Amendment;

**Count 4:** Defendant Ulrich retaliated against Plaintiff for filing grievances by going off on a racist tirade against him in violation of the First Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

### Counts 1-3

The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). Officials demonstrate deliberate indifference when they "know[] of and disregard[] an

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Counts 1-3 all allege that Defendants subjected Plaintiff to conditions that put him at risk of harm and that Defendants took no action when informed of those conditions. Although Mayor Wagnor is not an employee of the Illinois Department of Corrections, as Mayor of Lawrenceville, he is a state actor, *see Williams v. Seniff*, 342 F.3d 774, 780 (7th Cir. 2003), and therefore Plaintiff's allegation that he was deliberately indifferent to contaminated water is appropriate. Plaintiff's allegations are sufficient to survive threshold review as to Counts 1-3.

### **Count 4**

To succeed on a First Amendment retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff alleges that he filed grievances, which are protected First Amendment activity. He further alleges that Defendant Ulrich engaged in a racially-motivated tirade against him, which, given her position as his counselor, could plausibly deter First Amendment activity in the future. Finally, Defendant Ulrich's alleged comments suggest that she was directly motivated by Plaintiff's First Amendment activity. On these facts, Plaintiff plausibly states a First Amendment retaliation claim against Defendant Ulrich, and Count 4 survives threshold review.

**Pending Motions**

Plaintiff's pending Motion for a Preliminary Injunction and Supplemental Motion for Preliminary Injunction (Doc. 7) will be addressed promptly. (Doc. 2). To this end, Defendants are **ORDERED** to file a response to both Motions within thirty (30) days of answering the Complaint. The Court **DEFERS** its decision on both Motions until it reviews the responses and determines whether a hearing is necessary.

Plaintiff's renewed request for a temporary restraining order ("TRO") (Doc. 7) is **DENIED** without prejudice. The Court previously considered and denied Plaintiff's request for this relief. (Docs. 2 and 5). He has introduced no new facts or arguments in his renewed request, and the Court incorporates the Order Denying TRO (Doc. 3) in full, by reference, herein. The Court is not persuaded that this drastic form of relief is necessary to prevent irreparable harm to Plaintiff before Defendants can respond, based on his alleged exposure to contaminants in the water at Lawrence and his diagnosis with Heliobacteria Pylori infection. FED. R. CIV. P. 65(b). Although he seeks an immediate prison transfer to a facility that has no contaminants in its water and treatment with a specialist, Plaintiff does not state that he has been denied the medication originally prescribed to manage his condition, his medication is ineffective, he has been denied medical care for any symptoms he now faces, or he is exposed to contaminants at Lawrence that are avoidable at another prison (and, if so, which facility). At this point, the Court finds insufficient grounds to support the issuance of a TRO.

The Complaint includes exhibits that document Plaintiff's attempts to secure counsel, but the Court has not received a motion on that point. (Doc. 1, p. 5). Plaintiff should file a motion specifically requesting that relief if he wishes the Court to recruit counsel for him.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 1-4 survive threshold review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wagnor, Baldwin, Kink, and Ulrich: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/20/2019**

s/ STACI M. YANDLE
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**