IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CONWAY, # N83890, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19-cv-36-SMY ) |
| DON WAGNOR, JOHN BALDWIN, KELVIN KINK, and KIMBERLY ULRICH, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff Gregory Conway's request for a preliminary injunction. (Docs. 2 and 7). Plaintiff filed the underlying civil rights action pursuant to 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement at Lawrence Correctional Center ("Lawrence"). (Doc. 1). Among other things, he complains of a pest infestation that resulted in food and water contamination and aggravated his pre-existing infection with Helicobacter Pylori (h. Pylori). (*Id*.). Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction with his Complaint, seeking a prison transfer and a referral to a specialist for treatment of his h. Pylori. (Doc. 2).

The Court denied his request for a TRO (Doc. 5) and deferred a decision on the preliminary injunction until Defendants responded to the Motion. (*Id*.). Before they did so, Plaintiff filed a second Motion for TRO and/or Preliminary Injunction making the same arguments he made in the first. (Doc. 7). The Court again declined to issue a TRO and deferred a decision on the preliminary injunction until Defendants responded. (Doc. 8). Defendants filed a Response (Doc. 44) and Plaintiff did not reply. Because insufficient grounds exist to issue a preliminary injunction, both motions will be **DENIED without prejudice**.

1

## Factual and Procedural Background

In the Complaint, Plaintiff states that he has been diagnosed with h. Pylori and claims Defendants exhibited deliberate indifference to his health and safety at Lawrence. (Doc. 1, pp. 6-9). Specifically, he alleges that Defendants Wagnor, Baldwin, Kink, and Ulrich disregarded prison policies aimed at preventing pest infestations (*Id.*); that an infestation occurred and he was bitten by a mouse (*Id.* at p. 6); and that when the infestation reached the dietary center, he consumed contaminated food and water, which aggravated his pre-existing bacterial infection and caused severe stomach pain. (*Id.*). Plaintiff also alleges that he filed grievances to complain about the conditions of his confinement[1] and became the target of retaliation by Defendant Ulrich. (*Id.* at pp. 8-9).

The Court screened the Complaint and allowed Plaintiff to proceed with Eighth Amendment deliberate indifference claims against Defendants for allegedly subjecting Plaintiff to the pest infestation (Count 1), contaminated water (Count 2), and unsafe conditions (Count 3). (Doc. 8). Plaintiff was also allowed to proceed with a First Amendment retaliation claim (Count 4). (*Id.*). The only relief Plaintiff requests in the Complaint is a prison transfer. (Doc. 1, p. 10).

In the Motions for TRO and/or Preliminary Injunction,[2] Plaintiff requests a referral to a specialist for treatment of his h. Pylori in addition to a prison transfer. (Docs. 2 and 7). He asserts that ongoing exposure to the pest infestation and contaminated food/water has caused bouts of severe stomach pain due to his bacterial infection and fear of another mouse bite. Plaintiff alleges the prison's nurse told him he would need to take medication for the remainder of his life and warned him that further exposure to contaminated food or water would result in stomach pain.

---

[1] In addition to the pest infestations, Plaintiff describes exposure to other potentially life-threatening conditions caused by birds in the ventilation system, black mold in the showers, and broken tiles in the ceiling. (*Id.* at p. 7). However, the focus of his Motions for Preliminary Injunctive Relief is the pest infestation and flare-up of his h. Pylori infection. (Docs. 2 and 7).

[2] Plaintiff filed the same Declaration in support of both requests. (Doc. 2, pp. 1-4; Doc. 7, pp. 2-5). He included medical records and water sample results with the second motion. (Doc. 7, pp. 6-66)

(Doc. 2, pp. 1-2; Doc. 7, pp. 2-3). Plaintiff claims Defendants have responded to these conditions with deliberate indifference.

## Discussion

A plaintiff seeking preliminary injunctive relief must show that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the preliminary injunction. *See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).

When determining whether the underlying case has any likelihood of success on the merits, the Court must decide whether there is a "greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Here, the only relief Plaintiff requests in the Complaint is a preliminary injunction in the form of an order for his immediate prison transfer – he was transferred from Lawrence to East Moline Correctional Center in July 2019. (Doc. 43, p. 1; Doc. 44, p. 4). Thus, Plaintiff's request for relief is moot unless he can demonstrate some likelihood that he will return to Lawrence and face the same conditions. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citing *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). He has made no claim to this effect.

Additionally, a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint). Plaintiff's request, made in his motion seeking a preliminary injunction, for a referral to a specialist for immediate treatment of h. Pylori clearly exceeds the scope of the claims asserted in this case. Given these facts, the Court does not find that Plaintiff has more than a negligible chance of winning his case.

Plaintiff has also failed to establish that he will suffer irreparable harm in the absence of the requested preliminary injunction. Plaintiff asserts the harm he is and will continue to suffer is severe stomach pain. But this case does not include a claim for the denial of medical care for Plaintiff's stomach pain. For this reason and those previously discussed, Plaintiff's request for a preliminary injunction must be denied.

### Disposition

Plaintiff's requests for preliminary injunctive relief in Documents 2 and 7 are **DENIED without prejudice**. Because the Court previously denied Plaintiff's related requests for a TRO, the Clerk is **DIRECTED** to **TERMINATE** both Motions for Temporary Restraining Order and/or Preliminary Injunction (Docs. 2 and 7).

**Further, because the only relief Plaintiff seeks in the Complaint is preliminary injunctive relief and that request is addressed herein, Plaintiff is ORDERED to advise the Court, in writing, on or before September 13, 2019 whether he intends to pursue any other request for relief in this matter. He is WARNED that failure to respond may result in dismissal of this action for failure to prosecute his claims and/or comply with an Order of this Court. FED. R. CIV. P. 41(b).**

**IT IS SO ORDERED.**

**DATED: 8/23/2019**

s/ Staci M. Yandle
**STACI M. YANDLE
United States District Judge**